| | | |
|---|---|---|
| ROBIN D. PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | COMPLAINT AND DEMAND FOR JURY |
| THE TIMKEN COMPANY d/b/a | ) | TRIAL |
| LINCOLNTON BEARING PLANT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, Robin D. Phillips ("Phillips" or "Plaintiff"), by and through counsel, brings this action for violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*, against The Timken Company d/b/a Lincolnton Bearing Plant ("Defendant").

**NATURE OF PLAINTIFF'S CLAIMS**

1.      Defendant unlawfully discriminated against Phillips in violation of the ADA by forcing her onto involuntary leave because of her disability. Specifically, after accommodating Phillips's bilateral shoulder condition for approximately three and a half years, Defendant abruptly informed Phillips that it would no longer accommodate her medically documented restrictions of no lifting, pushing, or pulling greater than ten (10) pounds, intermittent as needed leave, and no overhead work. Defendant demanded that Phillips have her physician modify her restrictions to allow lifting up to fifteen (15) pounds, so that Phillips could be made available to perform packing duties. When Phillips's treating physician declined to modify her restrictions, Defendant forced Phillips onto involuntary leave on or around March 4, 2026, leaving her without income and uncertain about her continued employment. Defendant's stated reason for ending the

accommodation was pretextual. Defendant further violated the ADA by failing to engage in an interactive process to identify an alternative reasonable accommodation, including reassignment to a vacant position. Additionally, Defendant violated the ADA by retaliating against Phillips for requesting and utilizing her reasonable accommodation. Defendant also violated the FMLA by interfering with Phillips's exercise of her FMLA rights and by retaliating against Phillips for her use of intermittent FMLA leave.

## THE PARTIES

2. Plaintiff Robin D. Phillips is an adult individual who is a resident of Bessemer City, North Carolina (Gaston County).

3. Defendant The Timken Company does business in North Carolina as Lincolnton Bearing Plant, with its plant located at 1000 Timken Place, Iron Station, North Carolina 28080. Defendant's corporate headquarters is located at 4500 Mt. Pleasant Street NW, North Canton, Ohio 44720.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 over the subject matter of the claims brought in violation of the ADA and the FMLA.

5. This Court has personal jurisdiction because Defendant conducts substantial business in Lincoln County, North Carolina, the acts or omissions giving rise to Plaintiff's Complaint occurred in Lincoln County, North Carolina, and it is reasonably foreseeable for Defendant to expect to be called into court in this judicial district.

6. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because the state law claims arise out of a common nucleus of operative fact.

7. Venue is proper in this judicial district because Defendant has substantial business contacts in this district and because the unlawful acts or omissions alleged herein occurred in Lincoln County, North Carolina, which is located within the Statesville Division of this judicial district.

8. All alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness, and convenience for the parties.

## COVERAGE ALLEGATIONS

8. At all times relevant to this action, Plaintiff was a "qualified individual" covered by the protections of the ADA, as amended, within the meaning of 42 U.S.C. § 12111(8).

9. At all relevant times, Defendant was a "covered entity" engaged in an industry affecting commerce and had at least fifteen (15) or more employees each working day at all times referenced herein.

10. At all relevant times, Plaintiff was an "employee" within the meaning of 42 U.S.C. § 12111(4).

11. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5).

12. Defendant employed more than five hundred (500) employees at all relevant times.

13. Plaintiff satisfied her obligation to exhaust her administrative remedies by timely filing a Charge of Discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC") (Charge No. 430-2026-02714) alleging discrimination based on disability on or about April 1, 2026. The EEOC issued a Notice of Right to Sue on April 14, 2026, and Plaintiff timely brings this action within ninety (90) days of her receipt thereof.

3

14. At all relevant times, Defendant has been an "employer" within the meaning of the FMLA, in that Defendant employs fifty (50) or more employees in 20 or more workweeks, 29 U.S.C. § 2611(4).

15. At all relevant times, Plaintiff was an "eligible employee" within the meaning of the FMLA, in that Defendant employed her for at least 12 months, and she performed at least 1,250 hours of service with Defendant during the 12-month period preceding the involuntary placement on leave, 29 U.S.C. § 2611(2).

## PLAINTIFF'S FACTUAL ALLEGATIONS

16. On or about March 7, 2022, Phillips began her employment with Defendant at its Lincolnton Bearing Plant located at 1000 Timken Place, Iron Station, North Carolina 28080.

17. Phillips suffers from rips and tears in both rotator cuffs, as well as bilateral shoulder bursitis. ("Phillips's Disabilities") Phillips's treating physician, Dr. Erik C. Johnson, M.D. of Carolina Orthopaedic and Sports Medicine Center in Belmont, North Carolina, first treated Phillips for this condition on May 5, 2022. Phillips's Disabilities substantially limit her major life activities, including, but not limited to, lifting, pushing, pulling, and working.

18. At the time of her hire, Phillips was assigned to the packing department. During training in or around 2022, Phillips experienced a flare-up of Phillips's Disabilities while performing packing duties. After experiencing the flare-up, Phillips informed Defendant of her disability and her need for an accommodation.

19. In response to Phillips's disclosure of Phillips's Disabilities and request for accommodation in or around 2022, Defendant granted the accommodation and reassigned Phillips from the packing department to the Quality Inspector role. In the Quality Inspector role, Phillips inspected metal parts. This accommodation was effective because it did not require Phillips to lift,

4

push, or pull greater than ten (10) pounds or to perform overhead work. Phillips also requested accommodations via intermittent leave as required to manage flare-ups and visit doctors to manage Phillips's Disabilities.

20. For approximately three and a half years, Defendant maintained Phillips's accommodations of a ten (10) pound lifting, pushing, and pulling restriction, intermittent leave, and no overhead work without issue. These accommodations did not cause undue burden on Defendant. After Phillips qualified for FMLA leave, Phillips applied for and was granted intermittent FMLA leave. Phillips utilized intermittent FMLA leave for "bad days" when her bilateral shoulder condition prevented her from performing her duties.

21. At all times relevant during her employment, Phillips met or exceeded Defendant's legitimate employment expectations. Phillips did not receive any disciplinary actions, performance improvement plans, or negative performance evaluations during her employment with Defendant.

22. Phillips consistently provided Defendant with yearly updates certifying her ongoing need for accommodation and for FMLA leave related to her bilateral shoulder condition.

23. On or about January 6, 2026, Letty Last Name Unknown ("LNU"), a nurse employed by Defendant's Occupational Health department, presented Phillips with a demand that Defendant needed to know whether Phillips's restrictions were temporary or permanent. On the same day, supervisors Josh Chapman and Billy Robinson told Phillips that Defendant would no longer accommodate her if her restrictions remained at no lifting, pushing, or pulling over ten (10) pounds.

24. On January 6, 2026, supervisors Chapman and Robinson also informed Phillips that Defendant wanted Phillips to have her physician change her restriction from ten (10) pounds to fifteen (15) pounds, so that Phillips would be available to perform packing duties when needed.

5

25. In or around February 2026, Defendant informed Phillips that she needed to be "flexible" and be permitted to perform some duties in the packing department. When Phillips raised her concerns about this request, Defendant's representatives asked whether she had plans to retire and again asked whether her restrictions were permanent.

26. On February 5, 2026, Phillips attended an appointment with Dr. Johnson. Following the examination, Dr. Johnson confirmed that Phillips's restrictions remained, "No lift push pull great[er] than 10 lbs. No over head work" and issued a Return to Work form indicating that these restrictions were effective from February 5, 2026 through February 5, 2027. Dr. Johnson declined to modify Phillips's restrictions to allow lifting up to fifteen (15) pounds.

27. Despite Defendant's accommodation for approximately three and a half years, Defendant refused to continue accommodating Phillips's ten (10) pound lifting restriction in 2026. Defendant did not offer Phillips an alternative accommodation, did not engage in an interactive process with Phillips to identify a reasonable accommodation other than demanding she modify her medical restrictions, and did not explore reassigning Phillips to a different vacant position within the company.

28. On or about March 4, 2026, Defendant informed Phillips that it could no longer accommodate her restrictions and forced Phillips onto involuntary leave. Phillips expressed her desire not to be placed on leave, but Defendant refused to engage in an interactive process regarding alternative accommodations. Defendant's purported reason for forcing Phillips onto involuntary leave is pretext. Continuing to allow Phillips to stay in the position that she had been in for three years would not cause undue burden on Defendant and circumstances had not materially changed to cause Defendant to revoke Phillips's accommodations. Phillips's last day of work was March 4, 2026.

29. Upon being forced onto leave, Defendant offered Phillips only the option of applying for short-term disability benefits. On or about March 26, 2026, Defendant's Short Term Disability Administrator denied Phillips's short-term disability claim.

30. On or about March 30, 2026, Defendant issued an FMLA Eligibility Notice to Phillips confirming that she was eligible for FMLA leave and that she had FMLA leave available in the applicable 12-month period.

31. On or about April 1, 2026, Phillips filed a Charge of Discrimination with the EEOC (Charge No. 430-2026-02714), alleging discrimination based on disability.

32. As of the date of filing this Complaint, Phillips has been unable to return to work due to Defendant's failure to accommodate her disability, and she remains uncertain as to the continued status of her employment.

33. Defendant's decision to end Phillips's accommodation and force her onto involuntary leave was because of her disability and her use of FMLA leave. Defendant's stated reason for ending the accommodation is pretext for unlawful disability discrimination and retaliation.

34. Defendant's failure to comply with the ADA and the FMLA was willful.

**<u>FIRST CAUSE OF ACTION</u>**
**(Violation of the ADA – Disability Discrimination)**

35. Phillips realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

36. Defendant regularly employed more than fifteen (15) employees at all relevant times to this lawsuit.

37. Based on her bilateral rips and tears in both rotator cuffs and bilateral shoulder bursitis, Phillips suffers from a disability within the meaning and scope of 42 U.S.C. § 12101 *et*

7

*seq.* Accordingly, Phillips is a member of the class of persons protected by the ADA, which makes it unlawful for an employer to discriminate against an individual with a disability regarding the terms and conditions of employment.

38. Phillips was disabled in that she had a physical impairment that substantially limited one or more major life activities, including but not limited to lifting, pushing, pulling, and performing overhead work.

39. At all times relevant, Phillips was able to perform the essential functions of her Quality Inspector position with or without reasonable accommodation.

40. Defendant discriminated against Phillips by forcing her onto involuntary leave because of her disability.

41. Defendant's violation of the ADA was intentional, willful, and/or undertaken in reckless disregard for Phillips's rights as protected by the ADA.

42. As an actual, proximate, and foreseeable result of Defendant's actions, Phillips suffered lost back and front pay, benefits associated with her employment, and has suffered and continues to suffer severe emotional distress, severe physical distress, anxiety, depression, embarrassment, and humiliation.

### SECOND CAUSE OF ACTION
**(Violation of the ADA – Failure to Accommodate)**

43. Phillips realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

44. Defendant regularly employed more than fifteen (15) employees at all relevant times to this lawsuit.

45. Phillips was an individual with a disability within the meaning of the ADA and had notified Defendant of her disability and her need for accommodation since at least 2022.

46. With reasonable accommodation, Phillips could perform the essential functions of her Quality Inspector position, as demonstrated by her approximately three and a half years of successful performance in that role.

47. Defendant failed to accommodate Phillips by: (a) refusing to continue the previously approved accommodation of a ten (10) pound lifting, pushing, and pulling restriction and no overhead work; (b) failing to engage in a good-faith interactive process with Phillips to identify an alternative reasonable accommodation; and (c) failing to consider reassigning Phillips to a different vacant position within Defendant's organization.

48. Defendant's failure to provide a reasonable accommodation was not justified by undue hardship.

49. Defendant's violation of the ADA was intentional, willful, and/or undertaken in reckless disregard for Phillips's rights as protected by the ADA.

50. As an actual, proximate, and foreseeable result of Defendant's actions, Phillips suffered lost back and front pay, benefits associated with her employment, and has suffered and continues to suffer severe emotional distress, severe physical distress, anxiety, depression, embarrassment, and humiliation.

## <u>THIRD CAUSE OF ACTION</u>
### (Violation of the ADA – Retaliation)

51. Phillips realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

52. Phillips engaged in protected activity under the ADA by requesting and receiving a reasonable accommodation for her disability since at least 2022, by continuing to request the accommodation through annual certification of her ongoing need, and by objecting to Defendant's demands in January and February 2026 that she modify her medically documented restrictions.

9

53. Defendant took adverse action against Phillips by forcing her onto involuntary leave on or around March 4, 2026, in close temporal proximity to Phillips's renewed assertion of her need for accommodation and her physician's refusal to modify her restrictions in February 2026.

54. Defendant's adverse action was causally connected to Phillips's protected activity.

55. Defendant's violation of the ADA was intentional, willful, and/or undertaken in reckless disregard for Phillips's rights as protected by the ADA.

56. As an actual, proximate, and foreseeable result of Defendant's actions, Phillips suffered lost back and front pay, benefits associated with her employment, and has suffered and continues to suffer severe emotional distress, severe physical distress, anxiety, depression, embarrassment, and humiliation.

<u>**FOURTH CAUSE OF ACTION**</u>
**(Violation of the FMLA – Interference)**

57. Phillips realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

58. Defendant unlawfully interfered with Phillips's rights as protected by the FMLA by forcing her onto involuntary leave and by threatening to end her accommodation because, in part, she had been utilizing intermittent FMLA leave for her bilateral shoulder condition for approximately three and a half years. 29 U.S.C. § 2615(a)(1).

59. Defendant's interference included denying Phillips the opportunity to continue working in her Quality Inspector role with a reasonable accommodation, which effectively denied her the ability to exercise her FMLA rights in connection with her serious health condition going forward.

10

60. Defendant's actions were intentional, willful, and/or undertaken with reckless disregard for Phillips's rights under the FMLA.

61. As an actual, proximate, and foreseeable result of Defendant's actions, Phillips suffered lost back and front pay, benefits associated with her employment.

**FIFTH CAUSE OF ACTION**
**(Violation of the FMLA – Retaliation)**

62. Phillips realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

63. Defendant unlawfully retaliated against Phillips by forcing her onto involuntary leave because she had used intermittent FMLA leave for her bilateral shoulder condition for approximately three and a half years.

64. Phillips engaged in protected activity under the FMLA by utilizing intermittent FMLA leave for her serious health condition. Defendant was fully aware of Phillips's FMLA utilization during her approximately three and a half years of employment.

65. Defendant took adverse action against Phillips in close proximity to her continued use of FMLA leave, by forcing her onto involuntary leave on or around March 4, 2026, precisely because Defendant was no longer willing to accommodate the condition for which Phillips used FMLA leave.

66. Defendant's actions were intentional, willful, and/or undertaken with reckless disregard for Phillips's rights under the FMLA.

67. As an actual, proximate, and foreseeable result of Defendant's actions, Phillips suffered lost back and front pay, benefits associated with her employment.

**SIXTH CAUSE OF ACTION**
**(Wrongful Discharge in Violation of Public Policy on the Basis of Disability)**

11

68. Phillips realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

69. The public policy of the State of North Carolina as set forth in N.C.G.S. § 168A et seq., North Carolina's Persons With Disabilities Protection Act, prohibits employers from discriminating against employees on the basis of their disability.

70. Phillips is disabled and is therefore a member of a protected class. This is specifically established in N.C. Gen. Stat. § 168A et seq. 18 94. Defendant violated the public policy of North Carolina as set forth in N.C.G.S. § 168A et seq., by terminating Phillips, a member of the protected class, on the basis of her disability.

71. As a proximate and foreseeable result of Defendant's conduct, Phillips has suffered lost back and future wages and benefits, expenses, and other damages, which Phillips seeks from Defendant.

72. Defendant's actions were done maliciously, willfully, or wantonly or in a manner that demonstrates a reckless disregard for Phillips's rights. As a result of Defendant's conduct, Phillips is entitled to recover punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Phillips demands the following relief:

a. A Declaration and finding that Defendant willfully violated provisions of the ADA by forcing Phillips onto involuntary leave because of her disability;

b. A Declaration and finding that Defendant willfully violated provisions of the ADA by failing to provide Phillips with a reasonable accommodation and by failing to engage in an interactive process to identify a reasonable accommodation;

12

c. A Declaration and finding that Defendant willfully violated provisions of the ADA by retaliating against Phillips for engaging in protected activity under the ADA;

d. A Declaration and finding that Defendant willfully violated provisions of the FMLA by interfering with Phillips's rights as protected by the FMLA;

e. A Declaration and finding that Defendant willfully violated provisions of the FMLA by retaliating against Phillips for her exercise of FMLA protected leave;

f. An Order requiring Defendant to pay Phillips for all lost wages and employment benefits from the day Defendant forced Phillips onto involuntary leave until the day of final judgment;

g. An Order requiring Defendant to reinstate Phillips to the position from which she was unlawfully displaced or award front pay in lieu thereof;

h. An Order requiring Defendant to pay Phillips liquidated damages;

i. An Order requiring Defendant to pay Phillips compensatory damages;

j. An Order requiring Defendant to pay Phillips punitive damages;

k. An Order requiring Defendant to pay Phillips all attorneys' fees, litigation expenses, and costs incurred as a result of bringing this action;

l. An Order requiring Defendant to pay Phillips pre- and post-judgment interest at the highest rates allowed by law on all sums recoverable; and

m. An Order granting such other and further relief as may be necessary and appropriate.

## **JURY TRIAL DEMAND**

Phillips demands a trial by jury for all issues of fact.

Dated: July 13, 2026                                    Respectfully submitted,

13

s/ Evan G. Gungor
Philip J. Gibbons, Jr., NCSB #50276
Evan G. Gungor, NCSB #60902
**GIBBONS LAW GROUP, PLLC**
1144 Executive Circle, Ste 220
Cary, North Carolina 27511
Telephone:    (704) 612-0038
Facsimile:    (704) 612-0038
Email: phil@gibbonslg.com
       evan@gibbonslg.com
       *Attorneys for Plaintiff*

14